UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PASSION RAY,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>and TIMOTHY W. DICKERSON,<br><br>    Defendants. | Case No. 3:24-cv-01118<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

### REPORT AND RECOMMENDATION

Pro se Plaintiff Passion Ray filed suit against Defendants Federal Bureau of Investigation (FBI) and Timothy W. Dickerson in Davidson County, Tenneessee, General Sessions Court on September 3, 2024. (Doc. No. 1-2.) The FBI appeared and, on September 17, 2024, removed the action to this court under 28 U.S.C. § 1442 and 28 U.S.C. § 1446. (Doc. No. 1.) The FBI now moves to dismiss Ray's action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or Rule 12(b)(6) for failure to state a claim. (Doc. No. 7.) Ray filed a timely response to the FBI's motion and asked the Court to dismiss the case. (Doc. No. 9.)

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Ray's claims against both defendants on its own motion under Federal Rule of Civil Procedure 12(h) and terminate the FBI's motion as moot.

**I.    Background**

    **A.    Factual Background**

Ray initiated this action by using a civil warrant form provided to pro se litigants by the Davidson County General Sessions Court. (Doc. No. 1-2.) Ray does not identify a particular cause

of action or provide separately articulated allegations in support of her complaint. (*Id.*) Instead, in the space provided for Ray to state the basis of her action, Ray writes:

> Your Honor, while the FBI is on the Docket via Nashville Police Departments recommendation that no organization seem to want to talk about on taxpayer dollar. I paid for the FBI to come out not DOJ of Mississippi. Do we have the right to have Nashville Sheriff's Department come to court. We all have the right to Covid and this goes for the DA's office, if they are subject to death and health problems, immunity not see another Day they should be here your Honor the and FBI.

(Doc. No. 1-2, PageID# 5.)

Ray attached two additional pages of handwritten narrative to the civil warrant form in which she references "a sex trafficking Drug Enterprise" and includes the names of individuals, government officials, and organizations in Clarksdale, Mississippi, and Nashville, Tennessee. (*Id.* at PageID# 7–8.) Ray concludes her narrative by stating: "I wanted eyes to support me and Finding them goin[g] Forward. I will leave Copies of Address[es] for future Citizens. Your Honor, thank you for your support, policy, and the right to be heard here. When Silence is Betrayal!" (*Id.* at PageID# 8.)

**B.     Procedural History**

The FBI removed Ray's action to this Court on September 17, 2024, and the Court referred the case to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. Nos. 1, 6.) Ray filed a letter on October 3, 2024, and a document docketed as a supplement on October 4, 2024, that are similar in content to her complaint. (Doc. Nos. 4, 5.)

On October 21, 2024, the FBI moved to dismiss Ray's claim for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (Doc. Nos. 7, 8.)

Ray filed a response to the FBI's motion to dismiss on October 29, 2024. (Doc. No. 9.) Ray's response mirrors the content of her earlier filings with additional allegations regarding the FBI's counsel in this matter. (*Id.*) Ray concludes her response as follows:

> Please Dismiss this case, but this is a paper trail for the people's relief, to see if I did not pay pricelessly to see this response it may have been hidden like Kimberley Stewart[']s Identity, so I expect Mrs. Veirs to play like she doesn't know for the money, but how long can anyone do that. The relief is seeing other people besides self nobody Else is coming out their pocket. I don't have to play a game when I brought this forth or look up a law to see state employees need to be in cuffs. I don't appreciate Playing "for the love of money" with lives, that's why I'm not the states Blood on Hands Payroll that can't Last for Eternity. They can't Buy me and money can't buy Happiness, if it did this wouldn't[.]

(*Id.* at PageID# 32.)

The FBI did not file an optional reply in support of its motion.

Defendant Timothy W. Dickerson has not appeared in the action.

## II. Analysis

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[1] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of

---

[1] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104.

Because whether the Court has subject-matter jurisdiction is a "threshold" question in any action, *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), a court must assure itself of its jurisdiction sua sponte even if the parties do not raise the issue, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Federal Rule of Civil Procedure 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, the Court will evaluate its own jurisdiction under Rule 12(h)(3) before addressing the FBI's argument that Ray's claims against it are appropriately dismissed under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim. *See Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015) ("Courts must resolve questions of subject matter jurisdiction before ruling on the merits of the claim."); *see also George v. Haslam*, 112 F. Supp. 3d 700, 706 (M.D. Tenn. 2015) ("[A] court must address 'questions pertaining to its jurisdiction before proceeding to the merits[.]'" (quoting *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005))).

"Whether the Court has jurisdiction over a case as one arising under the Constitution or federal law is determined by analyzing Plaintiff's complaint; if it alleges a substantial cause of action under federal law, subject-matter jurisdiction exists." *Morningstar v. City of Detroit*, 617 F. Supp. 2d 570, 574 (E.D. Mich. 2009). The plaintiff's burden in this regard is "'not onerous' . . .

Instead, '[t]he plaintiff must show only that the complaint alleges a claim under a federal law, and that the claim is "'"substantial."'"' *Id.* (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). Ray does not invoke any particular federal law or right in her pleading, nor does she describe particular acts taken by the FBI or Dickerson that the Court could understand as asserting a federal cause of action. Thus, even liberally construing Ray's filing to recognize her pro se status, the Court cannot identify a basis for its federal question jurisdiction. And Ray has not included any allegations regarding the parties' citizenship or the amount in controversy from which the Court could conclude that Ray's complaint is appropriately heard under the Court's diversity jurisdiction.

Accordingly, because it can discern no basis for its subject-matter jurisdiction for Ray's claims against the FBI or Dickerson in her pleading or other filings, the Court must dismiss this action in full. The Court need not address the other arguments raised by the FBI in its motion to dismiss.

Further, Ray's request in her response to the FBI's motion that the Court "please dismiss" this action (Doc. No. 9) indicates that she does not oppose the FBI's motion or the dismissal of the actin in full. The Court may dismiss Ray's claims on that alternative basis.

**III.    Recommendation**

Because this Court lacks subject-matter jurisdiction over Ray's action—and because Ray asks the Court to dismiss the action—the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(h)(3).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of August, 2025.

ALISTAIR E. NEWBERN
United States Magistrate Judge